**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **OSCAR LUNA** | § | |
| **(Comal County No. 268347)** | § | |
| | § | |
| **V.** | § | **A-22-CV-084-RP** |
| | § | |
| **HAYS COUNTY TRANSPORT** | § | |
| **DRIVER** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Oscar Luna's complaint. Luna, proceeding *pro se*, has been granted leave to proceed *in forma pauperis*.

## I. STATEMENT OF THE CASE

At the time he filed his civil-rights complaint, Luna was confined in the Comal County Jail. Luna is charged in Hays County in Cause No. CR-20-1238-B with possession of a controlled substance – methamphetamine – less than one gram. According to Luna, a driver from Hays County transported him to the Comal County Jail on December 7, 2021. Upon arrival, the driver allegedly told Luna to "come on, let's go," and Luna slipped on the wet van floor and hit his head. Luna states

he had a two-inch knot on his head that was painful for seven days. He seeks an unspecified amount of damages for pain and suffering.

## II. DISCUSSION

### A.    Legal Standard

According to 28 U.S.C. § 1915A(b)(1), the court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted).

A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28). In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), the court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is

2

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6).  These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

      **B.**    **Negligence**

      Jail officials have a duty to protect pretrial detainees from harm under the Due Process Clause of the Fourteenth Amendment to the same degree that convicted prisoners are protected by the Eighth Amendment. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc) ("[T]he State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm, during their confinement."). To state a claim in this context a plaintiff is required to establish that the defendant "acted or failed to act with deliberate indifference to the detainee's needs." *Shepherd v. Dallas County*, 591 F.3d 445, 452 (5th Cir. 2009) (quoting *Har*e, 74 F.3d at 648).

      Deliberate indifference is an "extremely high" standard to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference cannot be inferred merely from a negligent or even grossly negligent response to a substantial risk of serious harm. *Torres v. Livingston*, 972 F.3d 660, 663 (5th Cir. 2020). An official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Plaintiff's allegations describe a routine slip-and-fall accident. Even where jailors unreasonably or negligently maintain conditions that lead to a fall, that does not constitute deliberate indifference. *See Atkins v. Sheriff's Jail Avoyelles Par.*, 278 F. App'x 438, 439 (5th Cir. 2008) (officials' failure to repair leaks that caused puddles and led to inmate's fall amounted only to "unreasonableness or negligence, neither of which establishes" a constitutional violation). At most, Luna has alleged a negligence claim that does not amount to a constitutional violation.

### III. CONCLUSION

Luna fails to state a constitutional claim. At most, Luna states a claim for negligence.

### IV. RECOMMENDATION

It is therefore recommended that Luna's civil-rights complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Luna be warned, if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this report and recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

### V. OBJECTIONS

Within 14 days after receipt of the report and recommendation, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636

(b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

   **SIGNED** this 2nd day of February 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE